Pg 1 of 7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x     **NOT FOR PUBLICATION**
In re:                                                       :
                                                             :
                                                             :
    JEFFREY SCOTT RAMSON,                   :     Chapter 7
                                                             :     Case No. 09-17073 (MG)
                                                             :
                     Debtor.       :
-------------------------------------------------------------x
                                                             :
DONALD B. SCOTT, JR.,                                        :
                                                             :
                                                             :
                     Plaintiff,    :
                                                             :     Adv. Proc. No. 10-02791 (MG)
    - against -                                 :
                                                             :
JEFFREY SCOTT RAMSON,                                        :
                                                             :
                     Defendant.    :
                                                             :
-------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
FOR LACK OF TIMELY SERVICE OF ADVERSARY COMPLAINT**

*A P P E A R A N C E S:*

Stuart P. Gelberg, Esq.
*Attorney for Debtor Jeffrey Scott Ramson*
600 Old Country Rd., Suite 410
Garden City, NY 11530
By:    Stuart P. Gelberg, Esq.

Law & Mediation, LLC
*Attorneys for Plaintiff Donald B. Scott, Jr.*
3595 Sheridan Street
Suite 202
Hollywood, FL 33021
By:    Stuart Russell Reed, Esq.

1

**MARTIN GLENN**
**United States Bankruptcy Judge**

Pending before the Court is the motion of debtor-defendant Jeffrey Scott Ramson ("Debtor") to dismiss the denial of discharge adversary complaint filed by Donald B. Scott, Jr. ("Plaintiff") based on the alleged lack of service of the summons and complaint on the Debtor and Debtor's attorney. For the reasons stated below, the motion to dismiss is DENIED.

## BACKGROUND

On December 1, 2009, Debtor filed a chapter 13 petition and, on January 8, 2010, the case was converted to a case under chapter 7. The section 341 creditors' meeting was scheduled for March 2, 2010. The deadline to file complaints to determine the dischargeability of debt was May 3, 2010. On February 2, 2010, Plaintiff commenced this adversary proceeding by filing a complaint seeking to deny the Debtor a discharge of debt under 11 U.S.C. § 523(a)(4) ("for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"). On March 5, 2010, Debtor filed an answer, denying the material allegations of the complaint, and raising an affirmative defense that Plaintiff lacked jurisdiction over the Debtor. (*See* Answer to Complaint, Second Affirmative Defense ("Plaintiff lacks jurisdiction over the Defendant."), ECF # 5.) The Answer does not assert that the summons and complaint were improperly served.

On June 25, 2010, the Debtor filed a motion to dismiss the complaint for lack of service of process. Debtor requests that the case be dismissed with prejudice as any re-filing of the complaint will be time-barred by FED. R. BANKR. P. 4007(c) ("a complaint to determine the dischargeability of any debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)" and any motion to

2

extend that time "shall be filed before the time has expired"). In response to Debtor's motion, on June 29, 2010, Plaintiff filed a certificate of service with an attached invoice showing mailings to both Debtor and Debtor's attorney by first class mail on February 2, 2010. Debtor, in turn, responded with an affidavit stating that he never received the summons or complaint and that he only became aware of the adversary proceeding when his attorney informed him that he received notification online through the PACER system. At the argument of the motion to dismiss on August 10, 2010, Ramson's counsel pointed out that the summons was not issued by the court until February 8, 2010, and therefore the summons could not have been served by mail on February 2, 2010. Ramson's counsel acknowledged, however, that he knew about the complaint (through ECF) within minutes of it being filed. He also acknowledged reviewing the complaint with the Debtor.

## DISCUSSION

Personal jurisdiction is established over a defendant if the summons and complaint is served in accordance with FED. R. BANKR. P. 7004 and FED. R. CIV. P. 4. *Yesh Diamonds v. Yashaya (In re Yashaya)*, 403 B.R. 278, 282 (Bankr. E.D.N.Y. 2009) (citing FED. R. BANKR. P. 7004(f)). According to Rule 7004(b)(9), service may be made "[u]pon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." FED. R. BANKR. P. 4007(b)(9). Rule 7004(g) states that "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney . . . ." FED. R.

3

BANKR. P. 4007(g). Therefore, in order for there to be proper service over the defendant in an adversary proceeding, plaintiff must serve both the defendant and defendant's attorney. *In re Shapiro*, 265 B.R. 373, 376–77 (Bankr. E.D.N.Y. 2001) (citing *In re Terzian*, 75 B.R. 923 (Bankr. S.D.N.Y. 1987)).

> Rule 7004 incorporates FED. R. CIV. P. 4(m), which states in relevant part:
>
> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

If the plaintiff does not serve the summons and the complaint on the defendant and defendant's attorney, the court may dismiss the case without prejudice absent a showing of good cause. *In re Rand*, 144 B.R. 253, 256 (Bankr. S.D.N.Y 1992) (citing *McGregor v. United States*, 933 F.2d 156, 161 (2d Cir. 1991); *Frasca v. United States*, 921 F.2d 450, 452 (2d Cir. 1990)). As explained below, however, a defense of insufficient service of process is waived if not properly asserted as an affirmative defense in an answer, or in a timely Rule 12(b) motion to dismiss. If insufficient process is asserted, it is the plaintiff's burden to prove good cause for failure to timely serve the defendant. *In re Teligent Servs. Inc.*, 324 B.R. 467, 472 (Bankr. S.D.N.Y. 2005) (citing FED. R. CIV. P. 4(m)). In determining whether there is good cause, a court will weigh "(1) the plaintiff's reasonable efforts to effect service and (2) the prejudice to the defendant from delay." *Id.* (quoting *Redtail Leasing v. Thrasher (In re Motel 6 Secs. Litig.)*, Nos. 93 Civ. 2183(JFK), 93 Civ. 2866(JFK), 1995 WL 649930, at *1 (S.D.N.Y. Nov. 6, 1995)). Courts will also consider whether plaintiffs have moved for an extension of time for service on the defendant and whether the plaintiff has in fact made reasonable

4

efforts to serve the defendant. *See id.* (discussing factors courts examine when analyzing a party's service efforts). Thus, courts frequently hold that delay caused by the negligence of a party's attorney does not constitute good cause to excuse the requirement for timely service. *Id.* (citing *Myers v. Sec'y of the Dept' of the Treasury*, 173 F.R.D. 44, 47 (E.D.N.Y. 1997). And "courts have declined to grant an extension when litigants fail to make even the most basic efforts to effectuate service on a party during the 120-day period provided for under Rule 4(m)." *Id*. (citing *Nat'l Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *4 (S.D.N.Y. Aug. 25, 1994)).

Generally, an objection to timely service of the summons and complaint must be interposed by motion or in the answer. Failure to do so may result in the objection being waived. *See* FED. R. CIV. P. 12(h)(1)(B) (a party waives certain defenses, including insufficient process, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading"); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391, at 498 (3d. ed 2004) ("the threshold defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process—Rule 12(b)(2) through Rule 12(b)(5)—are waived if they are not included in a preliminary motion under Rule 12 . . . or, if no such motion is made, they are not included in the responsive pleading"). If a defendant wishes to raise the defense of lack of adequate service, he "must raise them in one initial motion or, if none is filed, in the first responsive pleading" to avoid waiver. 2 MOORE'S FEDERAL PRACTICE § 12.20 (2010); *Golden v. Cox Furniture Mfg. Co.*, 682 F.2d 115, 118 (5th Cir. 1982) (observing that to raise a Rule 12(b)(2) through Rule 12(b)(5) defense "he must do so at the time he makes his first defensive move—whether it be a Rule 12 motion or a

5

responsive pleading") (internal quotation marks and citation omitted). *See also Guccione v. Harrah's Marketing Servs. Corp.*, No. 06 Civ. 4361(PKL), 2009 WL 2337995, at *1 (S.D.N.Y. July 29, 2009) (finding attempted defense of improper venue waived due to defendant's failure to include in answer to the complaint). An answer asserting lack of personal jurisdiction as an affirmative defense is insufficient to preserve a challenge to proper service of a summons. The answer must affirmatively and separately contain a defense based on proper service. *See Roque v. United States*, 857 F.2d 20, 21–22 (1st Cir. 1988) ("Under Fed. R. Civ .P. 12(b) and 12(h)(1), the defense of insufficient service of process is waived if not raised in the answer (or in a motion filed *prior* to or contemporaneously with the answer)."); *Federal Home Loan Mortg. Corp. v. Dutch Lane Assoc.*, 775 F. Supp. 133, 137 (S.D.N.Y. 1991) (concluding that "raising of a 'lack of personal jurisdiction' defense does not, under Rule 12, concurrently raise or preserve an insufficiency of service of process defense"). Here, the Debtor answered the complaint before filing a Rule 12(b) motion, and the answer failed to assert a defense based on insufficient process. Therefore, the objection is waived.

## CONCLUSION

Because the Debtor answered the complaint without asserting an affirmative defense specifically raising "insufficient process," the Debtor has waived that defense. Therefore, the Debtor's motion to dismiss the adversary complaint for lack of service of process is **DENIED.**

6

As an answer to the complaint was timely served, the action will proceed in the usual course.

**IT IS SO ORDERED.**

Dated:   August 11, 2010
         New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                                    United States Bankruptcy Judge